ANDREW W. PERRONG INDIVIDUALLY AND ON BEHALF

OF ALL OTHERS SIMILARLY SITUATED                    Civil Action No 21-4937

      *PLANTIFF(S)*

           Vs

GBR FINANCIAL SERVICES, LLC

      *DEFENDANT(S)*


      This is my response to the allegations made against me in Andrew Perrong vs GBR Financial

Services, LLC; Civil Action No 211-4937.

## Preliminary Statement

1.     The Plaintiff presented a Preliminary Stated consisting of 50 parts.  Many of these sections

related to the Plaintiff.  I am going to only respond to the sections pertaining to myself, the defendant.

I own a small one-man insurance agency.  I am 66 years of age and I only work on a part time basis

because I am on Kidney dialysis.  I have been on dialysis for 10 years.   I have many good clients who

have supported my business over the last 40 years.  These clients provide me with new business and

referrals from their friends and family.   I have never owned any robo call machines or any technology

that could support a robo call.  Andrew's Perrong's father, David Perrong who is in his 60's was called by

a professional telemarkter named Angela on a recorded line.   Andrew Perrong (plaintiff) pretended to

be his dad and led her to believe he was interested in learning more about Fixed Indexed Annuities.

There was NEVER any robo call technology used to solicit his father, David Perrong.  For this reason, it

does not fit into the TCPA guidelines.

## Preliminary Statement

Going through this experience has been very upsetting to me.   I am 66 years of age have been a kidney dialysis patient for the past 10 years.  As a result, I work a part time schedule.  My treatments are Monday, Wednesday, and Friday every week.  The clients I work with are referred to me by other clients and their families.  I do not need a robo call system.  I have never owned or operated a lead system suggested in this bogus suit against me.

Prior to the Pandemic, I did participate in seminar selling to get additional new prospects.  For this reason, I did get a few additional prospects. through a telemarketing service.  This service uses professional telemarketers who call individuals from a demographic list based on age and income bracket.

Angela, who is a profession Telemarketer called and asked to speak to David Perrong.  Andrew Perrong identified himself as David Perrong (his father) and willingly participated in a recorded call which took several minutes.  He was asked questions about his age, and marital status.  He was also asked if he had assets over $40,000.  He was asked if he had any objection to speaking to a specialist who would give him more information on Fixed Indexed Annuities.

He gave Angela permission to pass on his information to me, Gerald Rice of GBR Financial Services.  He continued this charade when I called him.  He pretended to be his father, David Perrong.  In a few weeks, he called me while I was on a Dialysis machine during a treatment.  This call upset me greatly jeopardizing my (life) health.  I have operated as an insurance broker for three decades with a perfect record.  I respect the TCPA.  I am a senior myself.  I hate those robo calls I get all day about Medicare.

I understand that Andrew Perrong has made a profession of litigation TCPA suits.   I am not aware of the

volatility of many of his suits.  However, I do know that Andrew Perrong vs GBR Financial Services Case

No 21-4937 is a bogus suit.  It is a waste of your time and mine.  This case has "0"

## Preliminary Statement

credibility.  I do have a copy of the initial call the telemarketer (Angela) placed with David Perrong aka

Andrew Perrong.

I am a senior citizen and work a part time schedule.  I would hope not to have to take on an

attorney to defend myself.   How pro se is not an option.  It is my hope that this case nbr 21-4937 will be

dismissed and GBR totally exonerated with NO wrongdoing.

2.      Referring to my answer in paragraph 1, there were no prerecorded messages.

3.      The Plaintiff alleges that I made calls from machine capable of making thousands of similar calls

        Per day.  He is suing me on behalf of a proposed nationwide class.  I deny even the possibility of

        such an allegation.  I own no such technology or have I ever owned any such machines or

        Technology.

4.      I deny any wrongdoing.

5.      Andrew Perrong was NEVER called.  David Perrong was called by a Professional Telemarketer

        named Angela.  She asked to speak to   David Perrong

        (Andrew's father).  Andrew pretended to be his father and  answered  several questions .

6.      GBR Financial Services, LLC is a limited liability company in this district.

And gave permission to have Gerald Rice (GBR) give him a call back.  He gave consent for a

follow up phone call.  He continued the charade with me pretending to be his

father, David Perrong when I called him back.  He totally misrepresented himself and there was

never any automated call or prerecorded message made to him or  His father.

**The TCPA prohibits automated calls to cellular telephones and numbers charged per the call**

11.     I deny this allegation because I own no automatic telephone dialing system and/or prerecorded

voice system.

12.     David and/or Andrew Perrong never received any such call from me or GBR Financial Services.

13.     David and/or Andrew Perrong never received any such call from me or GBR.  I deny any

Involvement in this.  I deny the truth or veracity of this allegation.

14.     I have no comment.

15.     I deny any allegation against me and GBR because I do not own any automated dial equipment.

## FACTUAL ALLEGATIONS

16.     GBR is a financial services firm.

17.     I deny this allegation Ninety percent of my new business comes from existing clients, their

family and friends.  Before the Pandemic, I did seminar selling, but I have never used any

Automated dialing systems or robo call technology.

18.to 34.        NA

## CLASS ACTION ALLEGATIONS

35.        NA

36.    The Plaintiff has made a career of Litigating companies on robo calls.  However, GBR Financial

Services owns no robo call machines and have never used prerecorded messages of any kind.

37.    I deny this allegation.

38.    I deny this allegation.

39.    NA

40.    NA

41.    a.    I deny this allegation.

        b.    I deny this allegation.

        c.    I deny this allegation.

42.- 45  NA

## FIRST CAUSE OF ACTION

**Telephone Consumer Protection Act**

46.     There are no bases for this allegation because GBR own no telemarked/robo call

equipment to make automated calls.

## FIRST CAUSE OF ACTION

**Telephone Consumer Protection Act**

47, 48, 49, 50  I deny any allegations made against GBR Financial.

**Summary**

I would like to request a motion to dismiss case 21-4937.  The claim alleges that GBR

makes robocalls/prerecorded message calls that generates thousands of calls per day.

This  cannot be substantiated because it is false.  Neither myself nor my company GBR engage

in any type of robo/prerecorded message calls that generates thousands of calls per day nor

do we own kind of equipment that could facilitate such a call.

In the complaint, the plaintiff alleges that he received a robocall/pre-recorded call

from 724-419-4107.  This is not my phone number.  I do not own this phone number or have

access to it for any type of calling activity.  I am totally unfamiliar with the number.  I don't

believe that is even a legitimate number.  Regardless, I wasn't involved in any type of

robocall/prerecorded call message  to the plaintiff in any circumstance regardless of where it originated from.

I believe in and adhere to DNC regulations.  However, the plaintiff, Andrew Perrong  offered nothing more than a series of false allegations.   For this reason, I ask the court to dismiss this matter.

See attached addendums:

GERALD E. RICE
GBR FINANCIAL SERVICES
PO BOX 692
Glenside, Pa 19038
215-498-1217
geraldrice2369@verizon.net

Sunday, November 28, 2021

**Today's Paper**

🔍

🔍   NEWS   SPORTS   BUSINESS   OPINION   POLITICS   ENTERTAINMENT

Business 

# Meet the robocall avenger: Andrew Perrong, 21, sues those pesky callers for cash

Andrew Perrong has filed dozens of lawsuits against robocallers and wrung settlements from the likes of Verizon and CitiBank. He's only 21 and not even a lawyer.



A robocall.
iStock

ADVERTISEMENT

by Christian Hetrick
Published Nov 2, 2018

Americans are losing the war on robocalls,
with 4.4 billion of them buzzing phones in

Perrong, a college student who regularly sues and scores settlements against companies he claims illegally call him.

Perrong, from Huntingdon Valley, is ridiculed by opposing lawyers as a "professional plaintiff," and they accuse him of "running a business" through his robocall lawsuits. They claim he sets traps for unsuspecting telemarketers and debt collectors.



Andrew Perrong (right) with his father, Harold, at the Dusk Car Show in Doylestown in 2015.
WILLIAM THOMAS CAIN / File Photograph

But those arguments have proven to be of little consequence. Perrong has filed dozens of lawsuits — at least 45 by one opponent's count — and squeezed settlements from a wide variety of businesses, ranging from chimney sweeps and collection agencies to giants Verizon and Citibank.

Sunday, November 28, 2021

**Today's Paper**

🔍

🔍     NEWS     SPORTS     BUSINESS     OPINION     POLITICS     ENTERTAINMENT

---

continues to fire off lawsuits, usually representing himself without a lawyer.

"His litigation history makes plain that he seeks [calls] out and gladly receives them" for his next lawsuit, Ballard Spahr's Daniel JT McKenna, who represents a Texas utility that Perrong recently sued, argued in October. "The purpose of such conduct is to make Perrong money."

Perrong utilizes the Telephone Consumer Protection Act (TCPA), which outlaws calls coming from autodialers or those with artificial or prerecorded voices unless consumers give prior consent. It also requires businesses to honor "do not call" lists, among other provisions. Consumers can sue for up to $500 per violation and courts can award triple damages for willful conduct.

ADVERTISEMENT

court filings.

While sometimes searing in court papers, Perrong declined requests for interviews, citing pending litigation and confidentiality agreements. So it's unclear whether his suits are an altruistic effort to combat the rapid rise of robocalls, or if he's simply making money off the companies that call him.

Robocalls have become an epidemic. There were 33 billion of them nationwide this year through September, according to YouMail, a robocall-blocking application. That's 101 calls per person. The Federal Trade Commission received on average more than 375,000 robocall complaints per month in fiscal 2017, up from 63,000 per month in 2009.

Technology has made it cheaper and easier to send robocalls. Perhaps the most problematic development has been caller ID "spoofing," which not only disguises a caller's identity, but can make it look as if the call is from a local number.

Along with the surge of robocalls has come a sharp increase in the number of lawsuits filed by consumers. In 2017, there were 4,392 federal cases filed under the TCPA,

Sunday, November 28, 2021

**Today's Paper**

🔍

🔍   NEWS   SPORTS   BUSINESS   OPINION   POLITICS   ENTERTAINMENT

Companies and consumer advocates have clashed over the robocall law. Some, including Federal Communications Commissioner Ajit Pai, now chairman, have called the TCPA "the poster child for lawsuit abuse."

Others, such as the National Consumer Law Center's Margot Saunders, credit the law for providing legal recourse for real victims who've been harassed by robocalls, and say it shouldn't be scrapped just because some consumers abuse it.

Amid this debate, Perrong stands out for the frequency of his lawsuits and the great lengths he goes to catch the companies that call him. He has claimed to own eight phone numbers over the years, his opponents note in court filings, and has cajoled callers hiding behind fake numbers to reveal their true identities.

Sunday, November 28, 2021

**Today's Paper**

🔍

🔍      NEWS      SPORTS      BUSINESS      OPINION      POLITICS      ENTERTAINMENT

---

next day in May, according to his complaint.
In another case, he placed an order, froze the
credit-card payment so the company would
call back, and sued the same day.

Serial litigants such as Perrong are like land
mines for companies, said Jack Gordon, CEO
of WebRecon, the consumer lawsuit tracker.
WebRecon offers a "Litigant Alert" service
that help companies identify consumers
with a history of litigation — a super-serious
"do not call" list. The search engine found 23
federal lawsuits for Perrong, Gordon said.

Perrong has denied being a
professional plaintiff, arguing he's too
busy to be "running a business" of
robocall lawsuits. In a proposed class
action against retail giant Macy's,
Perrong pointed out he was a dual
major in philosophy and psychology,

be a priest at the St. Josaphat Ukrainian Catholic Seminary in Washington. He owns an airplane, records show.

"It is neither true nor plausible that he even has the time to be a 'professional plaintiff,'" wrote Jon B. Fougner, Perrong's California-based lawyer in the recently settled Macy's case.

Still, Perrong has found time to help out another regular robocall litigant. He has served defendants court summonses and complaints for James Everett Shelton, a King of Prussia man who has filed at least 30 TCPA lawsuits as of September, court records show. Shelton declined comment.

Sunday, November 28, 2021

**Today's Paper**

🔍

🔍   NEWS    SPORTS    BUSINESS    OPINION    POLITICS    ENTERTAINMENT

abusers of the robocall law will manufacture lawsuits by providing their phone numbers on online lead forms, then deny they consented to the calls. But she said many companies choose to settle these cases instead of dealing with the time and expense of obtaining evidence, going through discovery, or especially taking it to trial.

"These plaintiffs are looking for fairly nominal amounts," said Reilly, of the Manatt, Phelps & Phillips law firm in Los Angeles. "A number that's attractive enough to get the company incentivized to pay the demand so they don't have to pay the lawyer fees."

Saunders, the National Consumer Law Center lawyer, acknowledged some plaintiffs abuse the law but emphasized that the TCPA protects consumers who have been harmed by unrelenting robocalls, such as a Florida woman who received 1,845 calls from an appliance company in 14 months.

"I'm not working to preserve the TCPA for someone who solicits robocalls and then sues on them," Saunders said. "I'm working to preserve it for people who are abused by robocalls so that we have a private remedy to try to help stop them."

Sunday, November 28, 2021

**Today's Paper**

🔍

🔍    NEWS    SPORTS    BUSINESS    OPINION    POLITICS    ENTERTAINMENT

the defense side, and you've been doing this for a good amount of time, you will know Andrew Perrong's name," Reilly said.

Published Nov. 2, 2018



**Christian Hetrick** ✉ 🐦
I cover consumer issues, Comcast, and how Philly could emerge from decades of struggle and adapt to a changing economy through our Future of Work project.

ADVERTISEMENT

| **About Us** | **News & Info** | **Marketplace** |
|---|---|---|
| About The Inquirer | News | Subscribe |
| Advertise | Sports | Inquirer Store |
| Contact Us | Entertainment | Job Listings |
| Licensing & Permissions | Business | All Classifieds |
| Photo Reprints | Health | Legal Notices |
| Newspapers in Education | Food | Gift Subscriptions |

Sunday, November 28, 2021

**Today's Paper**

🔍

🔍    NEWS      SPORTS      BUSINESS      OPINION      POLITICS      ENTERTAINMENT

---

**e-Editions**

The Inquirer

The Daily News

**Mobile Apps**

Apple iOS

Google Android

© 2021 The Philadelphia Inquirer, LLC
Terms of Use  /  Privacy Policy  /  Cancellation Policy  /  California
Notice  /  California residents do not sell my data request
California residents do not sell my data request



11/30/21, 6:30 AM                    Professional Plaintiff? Or Priest in Training? Or Both? – AccountsRecovery.net

Case 2:21-cv-04937-HB    Document 5    Filed 11/30/21    Page 18 of 37

# PROFESSIONAL PLAINTIFF? OR PRIEST IN TRAINING? OR BOTH?

Is Andrew Perrong a serial plaintiff who owns up to eight phones and makes money suing companies — including collection agencies — for violating the Telephone Consumer Protection Act by contacting him without permission, or is he a student, studying to be a priest, who is merely fighting back against the scourge of robocalls?

Reading a profile of Perrong and his numerous legal adventures, it's hard to get a good feel for whether the answer is one or the other or something in between. It's hard because Perrong refused to comment for the article, which revealed he has filed at least 45 lawsuits against companies and has demanded "tens of thousands of dollars" in settlements, according to court documents filed by a defense attorney who has opposed Perrong.

> *"His litigation history makes plain that he seeks [calls] out and gladly receives them" for his next lawsuit, Ballard Spahr's Daniel JT McKenna, who represents a Texas utility that Perrong recently sued, argued in October. "The purpose of such conduct is to make Perrong money."*

Perrong has denied he is a professional plaintiff and that suing companies is a business for him, because he's "too busy," according to the report.

Perrong notched his first settlement while still in high school, according to the report. He appears to be willing to go to great lengths to find out who is behind the robocalls that he is receiving.

> *In one case, he scheduled an appointment through a telemarketer, ostensibly to get a home-repair estimate. When a repairman arrived, Perrong took his business card, sent him home, and then sued his company the next day in May, according to his complaint. In another case, he placed an order, froze the credit-card payment so the company would call back, and sued the same day.*

**Share this:**



11/30/21, 6:23 AM

Case 2:21-cv-04952-HB Document 5 Filed 11/30/21 Page 19 of 37

At it again: Repeat TCPA Player Andrew Perrong Files New TCPA Class Action - this Time Against a Political Polling Company …



**Everyone in TCPAWorld** *knows of* Andrew Perrong, whether you like him or not probably depends on what side of the v. you're sitting on.

His latest work—a putative nationwide class action against PULSE OPINION RESEARCH, LLC related to allegedly pre-recorded calls sent to solicit polling information. Per the complaint: "Defendant is in the business of conducting polling and proving associated research services. To conduct these polls, Defendant relies on automated calling."

We've been covering the ongoing **onslaught of Robocalls tied to the political "season"** and the ensuing TCPA litigation it is churning up. Perrong's lawsuit is just the latest example.

For the curious, the case is filed in the E.D. PA and the complaint can be found here: **Perrong complaint.**

The class is defined as:

*All persons within the United States to whom: (a) Defendant and/or a third party acting on their behalf, made one or more non-emergency telephone calls; (b) to their telephone number for which they are charged per call or cellular telephone number; (c) using the same or similar recorded message used to contact Plaintiff's*

11/30/21, 6:23 AM     At it Again: Repeat TCPA Player Andrew Perrong Files New TCPA Class Action - this Time Against a Political Polling Company ...

Case 2:21-cv-04987-HB   Document 5   Filed 11/30/21   Page 20 of 37

*Number; and (d) at any time in the period that begins four years before the date of the filing of this Complaint to trial.*

The "charged per call" line is interesting and seems to render the class instantly unascertainable.

We'll keep an eye on it.

 **Published by Eric J. Troutman**
The Czar of TCPAWorld Eric Troutman is one of the country's prominent class action defense lawyers and is nationally recognized in Telephone Consumer Protection Act (TCPA) litigation and compliance. He has served as lead defense counsel in more than 70 national TCPA class actions and has litigated nearly a thousand individual TCPA cases in his role as national strategic litigation counsel for major banks and finance companies. He also helps industry participants build TCPA-compliant processes, policies, and systems. Eric has built a national litigation practice based upon deep experience, rigorous analysis and extraordinary responsiveness. Eric and his team feel equally at home litigating multibillion dollar telecommunications class actions in federal court as they do developing and executing national litigation strategies for institutions facing an onslaught of individual TCPA matters. They thrive in each of these roles – delivering consistently excellent results – while never losing sight of the client experience. While many firms now tout TCPA expertise, Eric has been there from the beginning. He built one of the country's first TCPA-only defense teams and began serving as national TCPA counsel for his clients nearly a decade ago. This perspective allows him to swiftly develop the right litigation strategies for dealing with recurring problems, without wasting time on tactics that are bound to fail. Eric's rich historical perspective and encyclopedic knowledge of the TCPA landscape also make him an invaluable resource to institutional compliance teams struggling to comply with the shifting regulatory landscape. No task is too small – or too big. Indeed, Eric and his team have helped build TCPA-compliant systems and processes for some of the largest and most complex corporate entities in the country. He commonly works with in-house compliance counsel to build and implement enterprise and business-line specific TCPA solutions, performs TCPA audits and drafts and reviews proposed TCPA policies and procedures. He and his team also have the technical expertise necessary to assist call centers seeking to develop TCPA-resistant call path architecture or to modify existing telephony and software integration to better insulate from potential TCPA exposure. Eric has built a reputation for thought leadership. An avid blogger and speaker, he has been at the forefront of the industry's effort to push for clarity and a return to sanity for the TCPA for years. He was selected to advocate for the financial services industry on important TCPA issues before the Federal Communications Commission and co-authored the nation's only comprehensive practice guide on TCPA defense. In his spare time, Eric leads defense teams representing banks and other financial services companies in consumer finance litigation matters. He has experience representing clients in UCC, TILA, RESPA FCRA, CCRA, CLRA, FDCPA, RFDCPA and FCCPA claims, as well as in fraud and bank operations issues. **View all posts by Eric J. Troutman**

---

**SHARE THIS:**

Twitter     Facebook

---

**LIKE THIS:**

Loading...

---

**PREVIOUS**

11/30/21, 6:23 AM    At it Again: Repeat TCPA Player Andrew Perrong Files New TCPA Class Action—this Time Against a Political Polling Company …

Case 2:21-cv-04957-HB   Document 5   Filed 11/30/21   Page 21 of 37

**TCPAWorld After Dark: Plaintiff Seeks En Banc Re-Hearing in Eleventh Circuit on Incentive Awards–Cites TCPAWorld.com**

NEXT

**BREAKING: DUGUID TCPA SCOTUS LEAD COUNSEL SERGEI LEMBERG JOINS UNPRECEDENTED PODCAST TO DISCUSS SCOTUS APPEAL**

1 Comment

Pingback: Repeat TCPA Player Andrew Perrong Files New TCPA Class Action—this Time Against a Political Polling Company – TCPAWorld - Credit News

Leave a Reply

Enter your comment here...



Case 2:21-cv-04953-HB   Document 5   Filed 11/30/21   Page 22 of 37







GET YOUR SEAT NOW!

# Eric's Thought of the Day

https://tcpaworld.com/2020/10/23/at-it-again-repeat-tcpa-player-andrew-perrong-files-new-tcpa-class-action-this-time-against-a-political-polling-company/   5/9

11/30/21, 6:23 AM    At it Again: Repeat TCPA Player Andrew Perrong Files New TCPA Class Action - this Time Against a Political Polling Company ...

Case 1:21-cv-04953-HB   Document 5   Filed 11/30/21   Page 23 of 37

Back to work all ye heroes and villains.





# Our Amazing TCPA Defense Team

 **Ally Petrillo**

 **Amy Brown Doolittle**

 **Daniel L. Delnero**

 **Brent Owen**

 **Christina Lamoureux**

November 30, 2021
Volume XI, Number 334

Login

THE
NATIONAL LAW REVIEW

Advertisement

40 NEW ARTICLES

Advertisement

## At it Again: Repeat TCPA Player Andrew Perrong Files New TCPA Class Action—this Time Against a Political Polling Company

Article By

Eric J. Troutman

**Refinance Calculator**
The refinance rate in Pennsylvania
is below the national average

1.75% **RATE** 2

Loan amount $400,000

Loan term 15-Year Fi:

Credit score Excellent

Calculate Paym:

Like 0

Tweet

Advertisement

By using the website, you agree to our use of cookies to analyze website traffic
and improve your experience on our website. Learn more.

X

Sunday, October 25, 2020

Everyone in *TCPAWorld knows of Andrew Perrong,* whether you like him or not probably depends on what side of the v. you're sitting on.

His latest work—a putative nationwide class action against PULSE OPINION RESEARCH, LLC related to allegedly pre-recorded calls sent to solicit polling information. Per the complaint: "Defendant is in the business of conducting polling and proving associated research services. To conduct these polls, Defendant relies on automated calling."

We've been covering the ongoing onslaught of Robocalls tied to the political "season" and the ensuing TCPA litigation it is churning up. Perrong's lawsuit is just the latest example.

For the curious, the case is filed in the E.D. PA and the complaint can be found here: Perrong complaint.

The class is defined as:

> *All persons within the United States to whom: (a) Defendant and/or a third party acting on their behalf, made one or more non-emergency telephone calls; (b) to their telephone number for which they are charged per call or cellular telephone number; (c) using the same or similar recorded message used to contact Plaintiff's Number; and (d) at any time in the period that begins four years before the date of the filing of this Complaint to trial.*

The "charged per call" line is interesting and seems to render the class instantly unascertainable.

We'll keep an eye on it.

© Copyright 2021 Squire Patton Boggs (US) LLP

By using the website, you agree to our use of cookies to analyze website traffic and improve your experience on our website. Learn more.

X

SPONSORED FINANCIAL CONTENT                Dianomi

    

Wall St. legend's biggest prediction in 50 years

Stansberry Research

Wall Street Legend Says Buy This Now (Watch Video)

Empire Financial Research

6 "Forever" Dividend Stocks to Buy and Hold for a Carefree Retirement

Wealthy Retirement

New card hits market with $200 cash rewards bonus

The Ascent

The #1 Options Trade Used by Pros to Grow Small Accounts.

TradeWins

Advertisement

Advertisement

RELATED LEGAL HEADLINES

**At it Again: Repeat TCPA Player Andrew Perrong Files New TCPA Class Action—this Time Against a Political Polling Company**
By Eric J. Troutman

**H.R. 6196—the Trademark Modernization Act of 2020**
By Philip Summa

**The Impeachment Process: Politics, Procedure and Next Steps**
By William C. P. Thieme

**Proposed Fairness in Class Action Litigation Act of 2017 Seeks to Curb Attorney Abuses of Class Action Device and Expand Class Action Defendant Protections**
By Brian M. Forbes

Advertisement

By using the website, you agree to our use of cookies to analyze website traffic and improve your experience on our website. Learn more.     X

## Avoid Int'l Expans Mistakes

Grow Globally and Avoid Comr
International Expansion Pitfalls.
Download the eBook Today.

Globalization Partners

Download

TRENDING LEGAL ANALYSIS

**NYAG's Warning to Crypto Businesses Muddies Regulatory Waters; Compliance...**
*By Sheppard, Mullin, Richter & Hampton LLP*

**Judge Blocks Portions of Centers for Medicare and Medicaid Services (CMS) Vaccine...**
*By Squire Patton Boggs (US) LLP*

**11 Ways to Tap into the Legal Market's Greenfield**
*By Lawmatics*

**Biden Administration Bans Most Travel from Eight Countries in Southern Africa**
*By Mintz*

Advertisement

Advertisement

Advertisement

By using the website, you agree to our use of cookies to analyze website traffic and improve your experience on our website. Learn more.

x

## THE
# NATIONAL LAW REVIEW

| | |
|---|---|
| ANTITRUST LAW | IMMIGRATION |
| BANKRUPTCY & RESTRUCTURING | INTELLECTUAL PROPERTY LAW |
| BIOTECH, FOOD, & DRUG | INSURANCE |
| BUSINESS OF LAW | LABOR & EMPLOYMENT |
| ELECTION & LEGISLATIVE | LITIGATION |
| CONSTRUCTION & REAL ESTATE | CYBERSECURITY MEDIA & FCC |
| ENVIRONMENTAL & ENERGY | PUBLIC SERVICES, INFRASTRUCTURE, TRANSPORTATION |
| FAMILY, ESTATES & TRUSTS | TAX |
| FINANCIAL, SECURITIES & BANKING | WHITE COLLAR CRIME & CONSUMER RIGHTS |
| GLOBAL | CORONAVIRUS NEWS |
| HEALTH CARE LAW | |

LAW STUDENT WRITING COMPETITION   SIGN UP FOR NLR BULLETINS   TERMS OF USE   PRIVACY POLICY   FAQS



**Legal Disclaimer**

You are responsible for reading, understanding and agreeing to the National Law Review's (NLR's) and the National Law Forum LLC's Terms of Use and Privacy Policy before using the National Law Review website. The National Law Review is a free to use, no-log in database of legal and business articles. The content and links on www.NatLawReview.com are intended for general information purposes only. Any legal analysis, legislative updates or other content and links should not be construed as legal or professional advice or a substitute for such advice. No attorney-client or confidential relationship is formed by the transmission of information between you and the National Law Review website or any of the law firms, attorneys or other professionals or organizations who include content on the National Law Review website. If you require legal or professional advice, kindly contact an attorney or other suitable professional advisor.

Some states have laws and ethical rules regarding solicitation and advertisement practices by attorneys and/or other professionals. The National Law Review is not a law firm nor is www.NatLawReview.com intended to be a referral service for attorneys and/or other professionals. The NLR does not wish, nor does it intend, to solicit the business of anyone or to refer anyone to an attorney or other professional. NLR does not answer legal questions nor will we refer you to an attorney or other professional if you request such information from us.

Under certain state laws the following statements may be required on this website and we have included them in order to be in full compliance with these rules. The choice of a lawyer or other professional is an important decision and should not be based solely upon advertisements. Attorney Advertising Notice: Prior results do not guarantee a similar outcome. Statement in compliance with Texas Rules of Professional Conduct. Unless otherwise noted, attorneys are not certified by the Texas Board of Legal Specialization, nor can NLR attest to the accuracy of any notation of Legal Specialization or other Professional Credentials.

The National Law Review - National Law Forum LLC 4700 Gilbert Ave. Suite 47 #230 Western Springs, IL 60558 Telephone (708) 357-3317 or toll free (877) 357-3317. If you would like to contact us via email please click here.

Copyright ©2021 National Law Forum, LLC



By using the website, you agree to our use of cookies to analyze website traffic and improve your experience on our website. Learn more.   X

# Andrew Perrong v. Auto Armor Specialist LLC

Andrew Perrong

Auto Armor Specialist LLC

8:2021cv01467

September 8, 2021

US District Court for the Central District of California

Telephone Consumer Protection Act (TCPA)

47 U.S.C. § 227

Plaintiff

## Docket Report                                    RSS Track this Docket

This docket was last retrieved on October 8, 2021. A more recent docket listing may be available from PACER.

### Document Text

**Filing 4**  CERTIFICATE of Interested Parties filed by Plaintiff Andrew Perrong, (Kaufman, Rachel)

**Filing 3**  CIVIL COVER SHEET filed by Plaintiff Andrew Perrong. (Kaufman, Rachel)

## Document Text

**Filing 2**  Request for Clerk to Issue Summons on Complaint (Attorney Civil Case Opening) #1 filed by Plaintiff Andrew Perrong. (Kaufman, Rachel)

**Filing 1**  COMPLAINT Receipt No: ACACDC-31943219 - Fee: $402, filed by Plaintiff Andrew Perrong. (Attorney Rachel Kaufman added to party Andrew Perrong(pty:pla)) (Kaufman, Rachel)

# Access additional case information on PACER

Use the links below to access additional information about this case on the US Court's PACER system. A subscription to PACER is required.

Access this case on the California Central District Court's Electronic Court Filings (ECF) System

- Search for Party Aliases
- Associated Cases
- Attorneys
- Case File Location
- Case Summary
- Docket Report
- History/Documents
- Parties
- Related Transactions
- Check Status

### Search for this case: Andrew Perrong v. Auto Armor Specialist LLC

| | |
|---|---|
| Search News | [ Google News | Marketwatch | Wall Street Journal | Financial Times | New York Times ] |
| Search Web | [ Unicourt | Legal Web | Google | Bing | Yahoo | Ask ] |

### Plaintiff: Andrew Perrong

Represented By:    Rachel Kaufman

| Search News | [ Google News | Marketwatch | Wall Street Journal | Financial Times | New York Times ] |
| Search Finance | [ Google Finance | Yahoo Finance | Hoovers | SEC Edgar Filings ] |
| Search Web | [ Unicourt | Justia Dockets | Legal Web | Google | Bing | Yahoo | Ask ] |

## Defendant: Auto Armor Specialist LLC

| Search News | [ Google News | Marketwatch | Wall Street Journal | Financial Times | New York Times ] |
| Search Finance | [ Google Finance | Yahoo Finance | Hoovers | SEC Edgar Filings ] |
| Search Web | [ Unicourt | Justia Dockets | Legal Web | Google | Bing | Yahoo | Ask ] |

**Disclaimer:** Justia Dockets & Filings provides public litigation records from the federal appellate and district courts. These filings and docket sheets should not be considered findings of fact or liability, nor do they necessarily reflect the view of Justia.

## Why Is My Information Online?

Case 2:21-cv-04087-HB Document 5 Filed 11/30/21 Page 32 of 37



# TCPAWorld

The World of the Telephone Consumer Protection Act



Double Whammy: Repeat Players Craig Cunningham
and Andrew Perrong Crush TCPA Defendant on Pair
of Critical Issues

| 25 | MAY 2020 | 8 COMMENTS |
| --- | --- | --- |

11/30/21, 6:27 AM
Case 2:21-cr-04087-HB Document 54 Filed 13/30/21 Page 33 of 37
Double Whammy: Repeat Players Craig Cunningham and Andrew Perrong Crush TCPA Defendant on Pair of Critical Issues – T…



Well folks, my beautiful win in *Stoops* just keeps getting misused and distinguished. And that's bad news for all of us.

The latest example is particularly painful because it involved two notorious TCPA repeat players—Craig Cunningham and Andrew Perrong— adding another feather to their already well-adorned caps. And adding salt to the wound, the Defendant's critical position on the absence of a cause of action under CFR 64.1200(d) was rejected for the first time in Utah. Trainwreck.

For any who don't already know the back story, *Stoops* was one of my biggest and most famous TCPA victories. In that case the Plaintiff had purchased dozens of cell phones for the express purpose of netting wrong number calls intended for the former subscriber. She specifically selected area codes in Florida—which was undergoing a severe economic downturn at the time—and took careful notes of all calls she received on her cell phone. At deposition she testified that she was actually hoping to receive calls intended for others because filing TCPA lawsuits was her "business."

Rather than lay down and settle the case, the Defendant in that case retained me to take down this racket—which I did with pleasure. Arguing that a Plaintiff lacks both statutory and constitutional standing where they affirmatively desire the receipt of calls, we convinced the Court to enter judgment in favor of my client —earning both the first Article III dismissal of a TCPA case following *Spokeo* in the nation, as well as the first dismissal of a TCPA case for want of prudential standing in a suit involving manufactured lawsuits.

11/30/21, 6:27 AM
Case 2:21-cv-04927-HB Document 5 Filed 11/30/21 Page 34 of 37 ·
Double Whammy: Repeat Players Craig Cunningham and Andrew Perrong Crush TCPA Defendant on Pair of Critical Issues – T…

*Stoops* should have been the death knell for manufactured TCPA cases of all shapes and sizes—anytime an inference can be raised that a consumer *wanted* the calls he/she then sued for a dismissal should be in the cards. But defendants have repeatedly overlooked the *subjective* element of the defense—presumably because that requires the hard work of discovery and depositions— and have often argued that merely volume of lawsuits is sufficient to demonstrate a lack of standing. But courts (rather properly) reject the application of *Stoops* in this context—merely filing a bunch of lawsuits does not mean that someone wanted the phone calls at issue. And over time my wonderful victory in *Stoops* has been relegated to one of the most oft-distinguished decisions in TCPAWorld. Just awful.

The latest entry into the volume of decisions distinguishing *Stoops* is *Barrett v. Vivint, Inc.*, Case No. 2:19-cv-00568-DBB-CMR, 2020 U.S. Dist. LEXIS 89055 (D. Ut. May 20, 2020). There the Defendant filed a motion to dismiss—i.e. a non-evidentiary pleadings-stage motion—arguing that the Plaintiffs lacked prudential and Article III standing despite allegations of receipt of multiple unwanted calls between them. The essence of the argument was that since the Plaintiffs had more than 25 phone numbers between them—a pretty interesting fact—the Plaintiffs could not sue under the TCPA for unwanted phone calls. But that's not the law.

In analyzing the issue the Court made short work of the standing arguments finding that the Plaintiffs alleged that they "didn't want these calls" and were "not seeking out these calls." Plaintiffs further contended that "there is simply nothing here to support the characterization that they are 'operating TCPA litigation businesses'" and that "the numbers are used for residential purposes only . . ." So motion to dismiss denied and *Stoops* distinguished yet again. Plus Cunningham and Perrong earn one more victory advancing their high-volume TCPA ambitions. (Maybe Defendant will have better luck at the MSJ stage if they can develop evidence that *the reason* Plaintiffs had all those cell phones was to enable all those fun TCPA suits they like to bring.)

Setting aside the standing loss, there is a critical substantive blow for Defendants in here as well. One of the most hotly contested issues in TCPAWorld—ok, along with all the other hotly contested issues— is whether 64.1200(d) mandating that telemarketers maintain internal DNC list policies and training is promulgated under 227(c) (containing a private right of action) or 227(d) (lacking a private right of action.) While the answer should rather obviously be 227(d)—64.1200(d) contains technical and procedural standards for TCPA compliance—the Court determined that 227(c) afforded the needed promulgation authorization. That means these crafty repeat-players can sue for violations of the internal DNC policy after all. And although the Eleventh Circuit Court of Appeals has held that class members that did not affirmatively request that calls stop cannot assert a cause of action under 64.1200(d)—now *there's* a standing argument that works— this issue was not discussed (raised?) in *Barrett*. Eesh.

Take aways are clear here folks: raise your standing arguments at the right time and with the proper evidentiary context. Always happy to discuss if you have questions or are just learning the ropes.

Happy Memorial Day TCPAWorld.

11/30/21, 6:27 AM    Double Whammy: Repeat Players Craig Cunningham and Andrew Perrong Crush TCPA Defendant on Pair of Critical Issues – T…

Case 2:21-cv-04937-HB   Document 5   Filed 11/30/21   Page 35 of 37

*Editor's Note: Plaintiff's counsel in this case was Anthony Paronich who joined Unprecedented this last week for a podcast recording. You'll want to look out for that interview as repeat-player lawsuits was one of the numerous topics we discussed.*

### Published by Eric J. Troutman

The Czar of TCPAWorld Eric Troutman is one of the country's prominent class action defense lawyers and is nationally recognized in Telephone Consumer Protection Act (TCPA) litigation and compliance. He has served as lead defense counsel in more than 70 national TCPA class actions and has litigated nearly a thousand individual TCPA cases in his role as national strategic litigation counsel for major banks and finance companies. He also helps industry participants build TCPA-compliant processes, policies, and systems. Eric has built a national litigation practice based upon deep experience, rigorous analysis and extraordinary responsiveness. Eric and his team feel equally at home litigating multibillion dollar telecommunications class actions in federal court as they do developing and executing national litigation strategies for institutions facing an onslaught of individual TCPA matters. They thrive in each of these roles – delivering consistently excellent results – while never losing sight of the client experience. While many firms now tout TCPA expertise, Eric has been there from the beginning. He built one of the country's first TCPA-only defense teams and began serving as national TCPA counsel for his clients nearly a decade ago. This perspective allows him to swiftly develop the right litigation strategies for dealing with recurring problems, without wasting time on tactics that are bound to fail. Eric's rich historical perspective and encyclopedic knowledge of the TCPA landscape also make him an invaluable resource to institutional compliance teams struggling to comply with the shifting regulatory landscape. No task is too small – or too big. Indeed, Eric and his team have helped build TCPA-compliant systems and processes for some of the largest and most complex corporate entities in the country. He commonly works with in-house compliance counsel to build and implement enterprise and business-line specific TCPA solutions, performs TCPA audits and drafts and reviews proposed TCPA policies and procedures. He and his team also have the technical expertise necessary to assist call centers seeking to develop TCPA-resistant call path architecture or to modify existing telephony and software integration to better insulate from potential TCPA exposure. Eric has built a reputation for thought leadership. An avid blogger and speaker, he has been at the forefront of the industry's effort to push for clarity and a return to sanity for the TCPA for years. He was selected to advocate for the financial services industry on important TCPA issues before the Federal Communications Commission and co-authored the nation's only comprehensive practice guide on TCPA defense. In his spare time, Eric leads defense teams representing banks and other financial services companies in consumer finance litigation matters. He has experience representing clients in UCC, TILA, RESPA FCRA, CCRA, CLRA, FDCPA, RFDCPA and FCCPA claims, as well as in fraud and bank operations issues. **View all posts by Eric J. Troutman**

---

**SHARE THIS:**

🐦 Twitter   f Facebook

---

**LIKE THIS:**

Loading...

---

**PREVIOUS**

### Another TCPA Set Up?: Court Rejects TCPA Claim Where Plaintiff's Counsel Knowingly Sent Revocation Letter to Improper Address

11/30/21, 6:27 AM

Case 2:21-cv-04937-HB Document 5 Filed 11/30/21 Page 36 of 37

Double Whammy: Repeat Players Craig Cunningham and Andrew Perrong Crush TCPA Defendant on Pair of Critical Issues – T...

---

**NEXT**

## Vast FCRA Horizon: Court Casts Simple Breach of Contract as Potential FCRA Violation

---

8 Comments

### CM


1 Sep 2020 at 8:45 am

We were a victim. Anyone saying he is a hero as written in news stories is so wrong. We are a family business who was set up by this person who buys old cell phone numbers and sits and waits for his victims. He made us think he was one of our customers. How this is even allowed to happen is beyond me. Screwing over hard working families with children to support. We were told to settle as the price to keep going in court was too high. I couldn't sleep for months because of worry. He keeps winning though…heard he left the seminary and is now in law school. I have lost faith in many things because of this one man.

Loading...

**REPLY**

### Alison Cummings


27 Sep 2021 at 7:34 am

Mr. Perrong was in the seminary, and previously worked with Mr. Jon Frey to fix computers and set up networking for businesses in PA. Together, Perrong and Frey went on to threaten suit against hundreds of small businesses, ruining many lives. Mr. Frey has recently been arrested for child pornography, and Mr. Perrong dropped out of the seminary to ruin people's lives full time. They're not heroes, they're monsters.

Loading...

**REPLY**

Pingback: TCPA Plaintiff Wins Suits in 5th Circuit - Credit News

Pingback: At it Again: Repeat-Player Cunningham Earns Another Huge TCPA Victory- Court Finds Receipt of Missed Debt Collection Call Affords Article III Standing - Credit News

Pingback: Repeat-Player Cunningham Earns Another Huge TCPA Victory- Court Finds Receipt of Missed Debt Collection Call Affords Article III Standing – TCPAWorld - Credit News

11/30/21, 6:27 AM Double Whammy: Repeat Players Craig Cunningham and Andrew Perrong Crush TCPA Defendant on Pair of Critical Issues – T...

Case 2:21-cv-04937-HB Document 5 Filed 11/30/21 Page 37 of 37

Pingback: Don't Get Confused: Despite Recent Ruling, Calls to Residential Cell Phones on DNC List Are Definitely (Probably) Actionable under the TCPA – TCPAWorld

Pingback: HAPPY NEW YEAR TCPAWORLD!: Here Are the Top 10 TCPA Stories from 2019 According to TCPAWorld.com Readers – TCPAWorld

Pingback: "Rachel From Card services" gets Sued!: Famous TCPA Litigator Cunningham Claims to Have Found the Individuals Behind "Rachel" and Things Are About to Get Nutty – TCPAWorld

## Leave a Reply

Enter your comment here...

