IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ANDREW PERRONG, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>GBR FINANCIAL SERVICES, LLC<br><br>Defendant. | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: | Civil File No. 2:21-cv-04937-HB |

**PLAINTIFF'S MOTION TO STRIKE *PRO SE*
"RESPONSE" FILED BY A CORPORATION**

The Plaintiff in the above matter respectfully moves this Court to strike the *pro* se "Response" of corporate defendant GBR Financial Services, LLC ("GBR") and order GBR to file an appropriate pleading within fourteen days. As to the reasons therefore, the Plaintiff states as follows:

1. On November 9, 2021, Plaintiff filed a class action complaint, alleging claims against GBR.  *See* ECF No. 1.

2. On November 12, 2021, Plaintiff effected service of process by serving GBR's owner.  *See* ECF No. 4.

3. GBR, as a corporation, "cannot appear *pro se.*" *Schoonmaker v. Hubner*, No. 92-5471, 1993 U.S. Dist. LEXIS 13110, at *28 (E.D. Pa. Aug. 9, 1993). This sentiment reflects the ancient common law tradition related by former Chief Justice John Marshall in *Osborne v. Bank of the United States:* "A corporation . . . can appear only by attorney." 22 U.S. 738, 830 (1824). Although its response is cryptic, it appears GBR is aware of the fact that it must be represented by an attorney, "[h]ow pro se is not an option." ECF No. 5 at 3.

4.      The precedent applying this rule is voluminous. *See, e.g. Commercial & R.R. Bank of Vicksburg v. Slocomb, Richard & Co.,* 39 U.S. 60, 10 L. Ed. 354 (1840); *Strong Delivery Ministry Ass'n v. Board of Appeals of Cook County,* 543 F.2d 32 (7th Cir. 1976) ("a corporation cannot appear without an attorney"); *Schreibman v. Walter E. Heller & Co. (In re Las Colinas Dev. Corp.),* 585 F.2d 7 (1st Cir. 1978) (*cert. denied*); *Shapiro, Bernstein & Co. v. Cont'l Record Co.,* 386 F.2d 426 (2d. Cir. 1967); *Flora Constr. Co. v. Fireman's Fund Ins. Co.,* 307 F.2d 413, 414 (10th Cir. 1962). Accordingly, Plaintiff requests that the Court order the Defendant to obtain counsel and file a proper responsive pleading within 14 days of the same.

Finally, while GBR's "Response" is a legal nullity, the Plaintiff would like to address a few of the assertions.

First, Mr. Rice admits that he hired a "professional telemarketer" to place calls, which were made at his behest, to solicit new business. ECF No. 5 at *1. And although GBR asserts that its conduct in doing so is excused by an allegation that Mr. Perrong has "made a profession of litigation TCPA suits," this assertion is incorrect. *Id.* at *3. Mr. Perrong is a student at Temple University Beasley School of Law. Mr. Perrong has participated in or led multiple student organizations, including Law Review, Moot Court, and he is enrolled in the Integrated Trial Advocacy program. Moreover, Mr. Perrong works providing computer services through his company and devotes time to community service. Thus, it is simply not true that he "makes a profession" of litigating TCPA suits, including this one.

GBR apparently has no objection to the standing of individuals who cannot be put to the trouble of suing them, but those like Mr. Perrong, who has a track record of investing time and energy to enforce federal telemarketing law for the benefit of a class and the general public, according to GBR, should be stripped of the TCPA's protections because such conduct

2

supposedly amounts to harassment.  But there is nothing harassing about the Plaintiff investigating those who called him in violation of the TCPA.  As Judge Pratter held earlier this year in a TCPA case involving Mr. Perrong:

> Implicit in Defendant's statutory standing argument is the notion that expertise in plaintiff-side TCPA litigation is necessarily bad—bad enough to rob a plaintiff of his *future* ability to bring cases. "Nothing [*11]  in the Constitution, though, requires a plaintiff to be a naïf. Litigation is not college athletics: there is no 'amateurs only' rule." *Cunningham v. Rapid Response Monitoring Servs., Inc.*, 251 F. Supp. 3d 1187, 1195 (M.D. Tenn. 2017).3 The Court declines to give Victory Phones a "free pass" simply because they robo-dialed a caller aware of his rights under the TCPA.

*Perrong v. Victory Phones LLC*, No. 20-5317, 2021 U.S. Dist. LEXIS 132404, at *10-11 (E.D. Pa. July 15, 2021). Mr. Perrong will respond to any appropriately filed motion to defend his right to pursue companies like GBR who admit to using "professional telemarketers" to contact numbers on the National Do Not Call Registry and using the pre-recorded message like the one that began Mr. Perrong's call.

                                                PLAINTIFF,
                                                By his attorneys

                                                */s/ Anthony I. Paronich*
                                                Anthony I. Paronich
                                                Paronich Law, P.C.
                                                350 Lincoln Street, Suite 2400
                                                Hingham, MA 02043
                                                (508) 221-1510
                                                anthony@paronichlaw.com

Dated: December 2, 2021

## CERTIFICATE OF SERVICE

    I hereby certify that on December 2, 2021, a copy of the foregoing was filed electronically and served by certified mail on anyone unable to accept electronic filing. Notice of this filing will be sent by email to all parties by operation of the court's electronic filing system.

    A copy of this pleading was also provided to the *pro se* defendant on December 2, 2021.

                                                                   */s/ Anthony I. Paronich*