```
            IN THE UNITED STATES DISTRICT COURT
         FOR THE EASTERN DISTRICT OF PENNSYLVANIA

ANDREW PERRONG                    :        CIVIL ACTION
                                  :
         v.                       :
                                  :
GBR FINANCIAL SERVICES, LLC       :        NO. 21-4937
```

MEMORANDUM

Bartle, J.                                         December 21, 2021

Plaintiff Andrew Perrong on behalf of himself and a putative class, has sued defendant GBR Financial Services, LLC ("GBR") under the Telephone Consumer Protection Act of 1991, 47 U.S.C. § 227.  Plaintiff claims defendant has made telemarketing robocalls to him and others without their consent. Defendant purported to file a "response" to the complaint signed, not by counsel for defendant, but by Gerald B. Rice. His signature at the end of the response is simply followed by "GBR Financial Services" and its address and phone number.  He never identifies his position with GBR in the document except to call it "my company."  In the response, he also interjects, "I would hope not to have to take on an attorney to defend myself." Since no counsel has appeared for GBR, plaintiff has now filed a "motion to strike pro se response filed by a corporation."

It has been well established since the days of Chief Justice Marshall that a corporate entity, unlike an

individual, cannot appear pro se and represent itself.[1]  It must be represented by counsel.  Rowland v. Cali. Men's Colony, 506 U.S. 194, 201-02 (1993); Osborn v. Bank of the United States, 22 U.S. (9 Wheat.) 738, 829 (1824).

Contrary to plaintiff's characterization, however, the defendant GBR is a limited liability company ("LLC"), not a corporation.  An LLC, which is a modern creation, has some attributes of both corporations and partnerships.  Zambelli Fireworks Mfg. Co. v. Wood, 592 F.3d 412, 419 (3d Cir. 2010).

The question presented here is whether an LLC should be treated like a corporation for purposes of legal representation in a lawsuit.  Our Court of Appeals addressed this issue in Dougherty v. Snyder, 469 F. App'x 71 (3d Cir. 2012), a non-precedential opinion.  It held that an LLC must be represented by counsel even if it has only one member.

The Court recognized that an LLC, similar to a corporation, has benefits and privileges such as limited personal liability of its owners for claims against the business entity.  With these benefits and privileges goes the obligation to hire counsel to appear for it in a lawsuit and thus to mitigate the burden on the court which would otherwise occur.

---

1.  Under 28 U.S.C. § 1654 individuals may represent themselves in the courts of the United States.  See Rowland v. Cali. Men's Colony, 506 U.S. 194, 202 (1993).

-3-

Id. at 72-73; United States v. Hagerman, 545 F.3d 579, 581-82 (7th Cir. 2008).

No reason has been advanced to view LLCs differently for present purposes than corporations, partnerships, or associations, all of which are artificial entities and must be represented by counsel in a court of law.  See Rowland, 506 U.S. at 202.

No counsel has appeared for defendant GBR.  Accordingly, the motion of plaintiff to strike the response filed in the name of defendant GBR by Gordon B. Rice will be granted.